IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON WATFORD, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-cv-14-SMY-GCS |
| SUSAN KIRK, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Gilbert C. Sison (Doc. 69), recommending the undersigned grant Defendant's Motion for Summary Judgment on the issue of exhaustion (Doc. 42). Plaintiff filed a timely objection (Doc. 72). For the following reasons, Judge Sison's Report and Recommendation is **ADOPTED**.

## Background

Plaintiff Marlon Watford brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, asserting that Defendant Susan Kirk was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Specifically, Watford claims that on March 18, 2015, he began having severe stomach pains. He went to the Health Care Unit and consulted an unidentified nurse. The nurse attributed Watford's symptoms to IBS because his stool test for H. Pylori was negative and sent him back to his cell without seeing the physician. Watford filed a grievance on April 5, 2015 related to, among other things, his encounter with the nurse and the

failure of Dr. Fuentes to provide him with an endoscopy, ulcerative colitis test and an IBS breath test.  More than one year later, on June 16, 2016, Watford consulted Nurse Kirk about his recurring symptoms of stomach pain and burning, and stomach and bowel spasms.  Watford requested a referral to Dr. Trost, but this was not done.  Kirk moves for summary judgment on the basis that Watford failed to exhaust his administrative remedies prior to filing this lawsuit.

Judge Sison determined that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) was unnecessary and ruled based on the evidence set forth in the parties' briefing.  He examined Plaintiff's grievance record and determined there was no record of a grievance filed related to the care Kirk provided Plaintiff in June 2016.  Accordingly, Judge Sison concluded that Plaintiff failed to exhaust his administrative remedies as to Kirk.

**Discussion**

Because a timely objection was filed, the undersigned must undertake a *de novo* review of the Report.  28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992).  *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion."  *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013).  The Court "may accept, reject or modify the magistrate judge's recommended decision."  *Id*.

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a).  Proper exhaustion requires that an inmate file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require.  *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).  The

Illinois Administrative Code (the "Code") governs the grievance and appeals process available to prisoners. A prisoner may file a grievance in the normal course which includes: (1) submitting a grievance to a grievance officer; (2) the grievance officer's findings and recommendations are reviewed by the CAO; (3) the CAO renders a decision; (4) the CAO's decision may then be appealed to the ARB. 20 ILCS §§ 504.830, 504.850(a).

For his objection, Watford does not deny that he did not file a grievance related to the medical care Kirk provided to him in June 2016. Rather, citing *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013), he argues his April 5, 2015 grievance was sufficient to satisfy the exhaustion requirement under a continuing violation theory. In *Turley*, the Seventh Circuit held that "prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if their objectionable condition is continuing." *Turley*, 729 F.3d at 650. It found that the plaintiff in that case did not have to file a grievance after every lockdown because he was "challenging the lockdown policy as a continuing violation of his rights." *Id*. 650. However, it noted that "[s]eparate complaints about particular incidents are required if the underlying facts or the complaints are different." *Id*.

Watford argues that because his "condition" was the same (i.e. complaints about severe stomach pain and IBS symptoms) he was not required to file an additional grievance as to Kirk. Kirk, however, is not responsible for prison policy. Rather, her independent judgment and treatment of Watford are at issue. The April 5, 2015 grievance outlines Watford's specific interactions with individuals he encountered in the medical unit on March 18, 2015 and the treatment he believes he should have received. Unlike the plaintiff in *Turley*, Watford was not complaining about the treatment from the Healthcare Unit as a whole, but rather the treatment he received from the unidentified nurse on March 18, 2015 and the failure of the physician to honor

his requests for certain medical procedures. As such, the April 5, 2015 grievance is insufficient to exhaust Watford's administrative remedies with respect to his claims against Kirk based on her actions over a year later.

After thoroughly reviewing the record before it, the Court finds Judge Sison's factual findings and analysis to be thorough and accurate and **ADOPTS** his Report and Recommendation (Doc. 69) in its entirety. Accordingly, Defendant's Motion for Summary Judgment (Doc. 42) is **GRANTED** and Plaintiff's claims are **DISMISSED without prejudice** for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: September 27, 2019**

**STACI M. YANDLE**
**United States District Judge**