IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARLON L. WATFORD,** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 18−cv−14−DWD |
| **WARDEN OF MENARD** ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Marlon Watford, an inmate currently incarcerated at Menard Correctional Center ("Menard"), filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 2). This case was severed and proceeded against several healthcare providers for deliberate indifference to a serious medical need. (Doc. 1). Four of the Defendants filed Motions to Dismiss (Docs. 16 and 36) on statute of limitations grounds, which the Court granted. (Doc. 54). Before the Court is Plaintiff's Motion to Reconsider those statute of limitations dismissals. (Doc. 57). For the following reasons, the Motion is **DENIED**. Plaintiff has filed a Motion for Oral Argument (Doc. 89), which is **DENIED** because oral argument is not necessary to resolve the Motion to Reconsider.

## Legal Standard

Motions to reconsider interlocutory orders are governed by Federal Rule of Civil Procedure 54(b), which provides that such orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

1

FED. R. CIV. P. 54(b). While motions to reconsider are permitted, they are disfavored, serving "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F.Supp.2d 704, 707 (N.D.Ill.2006) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is brought when the complaint fails to state a claim upon which relief may be granted. It is generally inappropriate to grant a motion to dismiss based on the affirmative defense of the statute of limitations, though it may be appropriate if there is a clear time-bar based on the face of the pleadings. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012).

## Factual Allegations

"[W]hen considering a motion to dismiss, the district court ordinarily assumes the truth of all well-pleaded allegations in the plaintiff's complaint." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 808 (7th Cir. 2016). Accordingly, the relevant facts for purposes of Rule 12(b)(6) are as summarized in the Screening Order (Doc. 1):

On March 18, 2015, Plaintiff began having severe stomach pains, made worse when he ate and drank. The pain was accompanied by severe diarrhea. At some prior point, Plaintiff had been diagnosed with irritable bowel syndrome ("IBS") and a severe infection with *H. pylori*, for which he had been treated twice.

On March 20, 2015, Plaintiff was taken to see Dr. Fuentes and Nurse Grathler. He explained his symptoms, which were identical to those he experienced during his previous H. pylori infection and his bouts with IBS. During his explanation, Grathler cut

him off and told him he had GERD (gastro-esophageal reflux disease). Grathler and Fuentes did not perform any diagnostic tests. Plaintiff again tried to explain his IBS condition and chronic stomach inflammation and requested a "correct diagnosis" and proper treatment. Fuentes refused to perform any tests and "prematurely terminated" the appointment.

On March 29, 2015, Plaintiff consulted Dr. Trost about his continuing abdominal/intestinal symptoms. Trost did not conduct any tests or prescribe any treatment, but "made a promise" to send Plaintiff to an outside specialist. That did not happen.

Plaintiff filed a grievance on April 20, 2015 related to his March examinations. Plaintiff states in his Complaint that he exhausted his grievance on or about May 12, 2015.

On June 16, 2016, Plaintiff consulted former defendant Nurse Kirk about symptoms of stomach pain and burning, and stomach and bowel spasms. He also had begun to have blood in his stool.

**The Motions**

Defendant Grathler filed a Motion to Dismiss (Doc 16) on statute of limitations grounds. She alleges that the Complaint (originally filed November 11, 2017 and later severed) was on its face outside the two-year statute of limitations applicable to Section 1983 cases in Illinois. Grathler argued that the claim against her accrued at the March 20, 2015 exam and tolling ceased on Plaintiff's stated exhaustion date of May 12, 2015.

Defendants Fuentes and Trost filed a similar Motion to Dismiss (Doc. 36) alleging that the claims against them respectively accrued on March 20 and 29, 2015 and tolling

ended on May 12, 2015.  Defendant Fuentes further asserted that she was no longer an employee of Wexford Health Sources, Inc. at Menard after July 18, 2015, and therefore lost the ability to address Plaintiff's condition at that point.  (Doc. 36, pp. 1-2).

Plaintiff filed untimely Responses to each Motion (Docs. 17 and 48).  However, the Court indicated in its Order on the Motions that it would still consider these filings.  The Court found that based on the face of the pleadings, Plaintiff's claims related to the 2015 incidents were time-barred.  (Doc. 54).

Plaintiff then filed a Motion to Reconsider (Doc. 57), alleging that the Court had failed to adequately consider his Responses (particularly his argument for equitable estoppel) and was mistaken in finding that the 2015 incidents were not ongoing violations for statute of limitations purposes.

**Analysis**

First, Plaintiff faults the Court for "failing to cite document number 17 and 48 [the Responses] in his written order to dismiss" because it "makes it easy to infer" that the Court did not consider the substance of those Responses.  The Order clearly references the Responses.  The fact that there is no direct citation to his Responses is not error, manifest or otherwise.

Second, the fact that the Order did not specifically address his equitable estoppel argument was not manifest error because it had no effect.  Plaintiff alleges that some unknown prison official marked his April 5, 2015 grievance as an emergency in an effort to sabotage his efforts to fully exhaust his administrative remedies.  (Doc. 17, p. 10 and Doc. 48, p. 8).  He alleges that this "wrongful act" impeded his ability to determine his

4

exhaustion date for purposes of calculating the statute of limitations, and so equitable estoppel should be applied. However, Plaintiff specifically asserts in his Complaint that "[o]n or about May 12, 2015, the Plaintiff fully exhausted his administrative remedies" as to the medical claims. (Doc. 2, p. 23). Even if equitable tolling were appropriate, he makes no argument to suggest that such tolling would span long enough to make his November 2017 filing timely. The fact that the Court did not address this argument directly in the Order makes no difference in the final outcome, and therefore was not a manifest error meriting reconsideration.

Finally, there is no manifest error of law or fact in the Court's interpretation of the allegations in the Complaint. The Order was based on a finding that there was no continuing Eighth Amendment violation between March 2015 and June 2016, because the March 2015 events were "separate in time and distinct from his medical visit in June 2016," and that Plaintiff "is silent about how his medical care was deficient, or how Defendants were deliberately indifferent" during that period. (Doc. 54. p. 5).

Defendants are correct that in deliberate indifference cases based on discrete medical error, a Section 1983 claim accrues "when the plaintiff knows of his physical injury and its cause." *Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013). By contrast, for continuing Eighth Amendment violations such as failure to treat, the two-year period starts to run from the date of the last incidence of that violation, not the first. *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir.2001) (finding that an Eighth Amendment deliberate indifference claim for failure to treat an inmate's hernia, a continuing violation, accrued when the inmate left the prison). A violation is continuing where "it would be

5

unreasonable to require or even permit [a prisoner] to sue separately over every incident of the defendant's unlawful conduct." *Id*. at 319.

Here, it was not a manifest error of law or fact for the Court to conclude that the March 2015 and June 2016 incidents were separate and distinct occurrences. A recurrence of similar symptoms is not necessarily a continuation of the same underlying condition.

## Disposition

Plaintiff's Motion to Reconsider (Doc. 57) is **DENIED.** Plaintiff's Motion for Oral Argument (Doc. 89) is **DENIED.** As the Warden of Menard was added in his official capacity only for purposes of implementing injunctive relief, the Clerk of Court is **DIRECTED** to **TERMINATE** him as a party in this case. Pursuant to the Court's previous Order disposing of the claims against the final Defendant (Doc. 73), the case is **DISMISSED**, and the Clerk of Court is **DIRECTED** to enter judgment and close the case.

**IT IS SO ORDERED.**

DATED: August 30, 2021

---
DAVID W. DUGAN
United States District Judge